```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  JUDY STAFFORD,                    )
                                      )
12           Plaintiff,               )  Civil No. 04-4983 Mc
                                      )
13      v.                            )  MEMORANDUM OF DECISION
                                      )  AND ORDER IN A
14  JO ANNE B. BARNHART,              )  SOCIAL SECURITY CASE
    Commissioner of Social            )
15  Security Administration,          )
                                      )
16           Defendant.               )
    _____)
17
```

18    The plaintiff, Judy Stafford, filed the present action for review
19 of a final determination of the Commissioner of Social Security (the
20 "Commissioner").  For the reasons set forth below, the court finds
21 that the decision of the Commissioner is supported by substantial
22 evidence.  The matter, therefore is affirmed.

**BACKGROUND**

24    The plaintiff filed applications for Disability Insurance
25 Benefits and Supplemental Security Income disability benefits under
26 the Social Security Act (the "Act") on October 17, 2000.
27 [Administrative Record ("AR") 71-73, 198-200.]  The Commissioner
28 denied the application.  [AR 201-206.]  At the plaintiff's request, an

administrative hearing was held before Administrative Law Judge Alexander Weir III (the "ALJ") on September 25, 2001. [AR 24.] On October 10, 2001, the ALJ filed a decision concluding that the plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. [AR 13-21.] Thereafter, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. [AR 5.]

The plaintiff next filed a request for judicial review in this court in Case No. CV 02-03494-Mc. On March 27, 2003, pursuant to a stipulation by the plaintiff and the respondent, this court remanded the case to the Commissioner for further proceedings. [AR 280-282.]

On November 19, 2003, another administrative hearing was held before the ALJ. [AR 464.] On April 27, 2004, the ALJ filed a decision concluding that the plaintiff was not under a disability at any time through the date of the decision. [AR 254-265.]

The plaintiff then filed the present action. The plaintiff and the Commissioner have consented to proceed before a United States Magistrate Judge. The parties have entered into a Joint Stipulation setting forth their arguments.

**STANDARDS OF REVIEW**

The court must sustain the findings of the Commissioner unless: (a) they are not supported by substantial evidence in the record as a whole; or (b) the Commissioner applied an improper legal standard. See 42 U.S.C. § 405(g); Gordon v. Secretary of Health and Human Services, 803 F.2d 1071, 1072 (9th Cir. 1986). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); Desrosiers v. Secretary of Health and Human

Services, 846 F.2d 573, 576 (9th Cir. 1988). "Substantial evidence" is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. at 402; Gordon v. Secretary of Health and Human Services, 803 F.2d at 1072.

This court must review the record as a whole and consider adverse as well as supporting evidence. See Green v. Heckler, 803 F.2d 528, 529-530 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the court must sustain the Commissioner's decision. See Gallant v Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

### **THE FIVE-STEP SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, the Commissioner determines whether the person is engaged in "substantial gainful activity." If so, the Commissioner denies disability benefits. Second, if the person is not so engaged, the Commissioner determines whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, the Commissioner denies benefits. Third, if the person has a severe impairment, the Commissioner determines whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the Commissioner conclusively presumes that the person is disabled. Fourth, if the impairment does not meet or equal the "listed impairments," the Commissioner determines whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, the Commissioner denies benefits. Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to

perform other kinds of work.  The person is entitled to disability benefits only if he or she is unable to perform other work.  See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

### **FINDINGS OF THE ALJ**

The plaintiff was born on March 23, 1941.  [AR 71, 471.]  The plaintiff completed high school.  [AR 101.]  The plaintiff has past work experience as a companion to the elderly, office clerk and legal secretary.  [AR 96.]  The plaintiff alleges that she is unable to work because of pain in her lower back, neck, both hips and both knees and high blood pressure.  [AR 95.]

The ALJ found that the plaintiff was insured for Disability Insurance Benefits through September 30, 1994.  [AR 255.]  The ALJ found that the plaintiff last worked in June of 2000.  [AR 257.]  The ALJ found that the plaintiff had not engaged in substantial gainful activity since July of 2000.  [AR 257.]  The ALJ found that the medical evidence established that, before September 30, 1994, the plaintiff did not have a medically determinable mental or physical impairment.  [AR 260.]  The ALJ found that the medical evidence established that "in 2000 and following" the plaintiff had the following severe impairments:  hypertension and arthritis.  [AR 260.]  The ALJ concluded that these impairments whether considered singly or in combination did not meet or equal any of the impairments listed in the Act's listing of impairments.[1]  See 20 C.F.R. Pt. 404, Subpt. P, Pt. 1.  [AR 260.]

---

[1]  The Act's listing of impairments sets forth certain impairments which are presumed to be of sufficient severity to prevent the performance of work.  20 C.F.R. § 416.925(a).

4

1    The ALJ found that the plaintiff had the residual functional
2 capacity to lift and carry twenty pounds occasionally and ten pounds
3 frequently and to sit, stand or walk for six hours in an 8-hour
4 workday.  [AR 262.]  The ALJ found that the plaintiff could push and
5 pull without significant limitation.  [AR 262.]  However, the ALJ
6 found that the plaintiff could only occasionally climb, stoop, kneel
7 and crouch.  [AR 262.]
8    The ALJ found that the plaintiff could perform all of her past
9 relevant work.  [AR 263.]  The ALJ concluded that the plaintiff was
10 not under a disability, as defined by the Act, at any time through the
11 date of the decision.  [AR 263.]

## DISCUSSION

13    The plaintiff contends that the ALJ failed properly to consider
14 the plaintiff's obesity in assessing the plaintiff's residual
15 functional capacity.  [Joint Stipulation, p. 4-5.]
16    An ALJ is required to consider a claimant's obesity as a factor
17 contributing to his or her disability.  See Celayo v. Halter, 332 F.3d
18 1177, 1182 (9th Cir. 2003); Hammock v. Bowen, 879 F.2d 498, 504 (9th
19 Cir. 1989).  An ALJ is required to determine the effect of obesity on
20 a claimant's other impairments and his or her ability to work.  Celayo
21 v. Halter, 332 F.3d at 1182.
22    In reaching his conclusions regarding the plaintiff's residual
23 functional capacity, the ALJ relied on the opinions of Dr. Frederick
24 Workmon, Dr. Mehran Sourehnissani and Dr. Frank W. Cunningham, all of
25 whom examined the plaintiff.  [AR 173-180, 283-292, 293-303.]
26    Dr. Workmon examined the plaintiff on or before December 7, 2000.
27 [AR 173.]  Dr. Workmon also reviewed the plaintiff's medical records.
28 [AR 178.]  Dr. Workmon noted that the plaintiff was 58-1/2 inches tall

5

1  and weighed 168 pounds and described her as "moderately obese." [AR
2  175.]  Dr. Workmon opined that the plaintiff could lift twenty pounds
3  occasionally and ten pounds repetitively and stand, walk and sit for
4  six hours in an eight-hour workday. [AR 179.]  Dr. Workmon further
5  opined that the plaintiff "would have problems with bending, walking
6  on uneven terrain perhaps, and ascending and descending stairs.  The
7  [plaintiff] could occasionally stoop, bend and crouch." [AR 180.]
8  Dr. Workmon found no evidence of limitations of the plaintiff's upper
9  extremities. [AR 180.]
10     Dr. Sourehnissani examined the plaintiff on or before September
11 4, 2003. [AR 283.]  Dr. Sourehnissani also reviewed the plaintiff's
12 medical records. [AR 287.]  Dr. Sourehnissani noted that the
13 plaintiff was 57 inches tall and weighed 166 pounds. [AR 284.]  Dr.
14 Sourehnissani opined that the plaintiff could lift and carry twenty
15 pounds occasionally and ten pounds frequently and could stand, walk
16 and sit for six hours in an eight-hour workday. [AR 288.]  Dr.
17 Sourehnissani limited the plaintiff to occasional climbing, stooping
18 kneeling and crouching. [AR 288.]
19     Dr. Cunningham examined the plaintiff on or before September 5,
20 2003. [AR 293.]  Dr. Cunningham also reviewed the plaintiff's medical
21 records. [AR 297.]  Dr. Cunningham noted that the plaintiff was 57
22 inches tall and weighed 170 pounds. [AR 294.]  Dr. Cunningham opined
23 that the plaintiff could lift and carry 25 pounds occasionally and ten
24 pounds frequently. [AR 299.]  Dr. Cunningham opined that the
25 plaintiff could stand and walk for two hours in an eight-hour workday
26 and sit for six hours. [AR 299.]  Dr. Cunningham limited the
27 plaintiff to occasional stair-climbing and crouching and no kneeling
28 \\\

1  or crawling.  [AR 299.]  Dr. Cunningham found no impairment to the
2  plaintiff's upper extremities.  [AR 299.]
3       Dr. Workmon, Dr. Sourehnissani and Dr. Cunningham all made
4  specific findings regarding the plaintiff's weight and height.  Dr.
5  Workmon also described the plaintiff as moderately obese.  All of the
6  examining physicians arrived at their opinions regarding the
7  plaintiff's ability to perform work-related activities based upon
8  their examinations which included observations of the plaintiff's
9  height and weight.  Thus, although the ALJ did not explicitly discuss
10 the plaintiff's weight in the decision, he indirectly addressed it
11 when he considered the reports and opinions of Dr. Workmon, Dr.
12 Sourehnissani and Dr. Cunningham.
13      The court also notes that the holding of <u>Celayo</u> is not applicable
14 here.  In <u>Celayo</u>, the Ninth Circuit Court of Appeals found that the
15 ALJ erred where the claimant was unrepresented and the ALJ "failed to
16 consider the obvious factor of claimant's obesity, and <u>relied upon a
17 report that failed to consider that factor in determining claimant's
18 ability to return to a previous job</u>."  <u>Celayo v. Halter</u>, 332 F.3d at
19 1184 (emphasis added).  Here, the ALJ the reports and opinions of Dr.
20 Workmon, Dr. Sourehnissani and Dr. Cunningham all considered the
21 plaintiff's weight and height and the plaintiff was represented.
22 \\\
23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

**CONCLUSION**

After careful consideration of the pleadings, the transcript of the record, and in accordance with the foregoing discussion, the magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner has applied proper legal standards.

**ORDER**

IT IS ORDERED that Judgment be entered in favor of the Commissioner and against the plaintiff.

Dated: January 20, 2006

                                            /s/
                                  JAMES W. McMAHON
                                  United States Magistrate Judge